# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| JIMMY M. BROCK, II ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:22-cv-3533-TMC |
| v. ) | |
| ) | **ORDER** |
| GREENVILLE COUNTY ) | |
| SHERIFF'S DEPARTMENT, ) | |
| CHARLES PROPST, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jimmy M. Brock, II, while a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this case pursuant to 42 U.S.C. § 1983. (ECF Nos. 1; 6; 16). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this action was referred to a magistrate judge for all pretrial proceedings.

On December 14, 2022, after Plaintiff brought his case into proper form, the magistrate judge issued an order informing Plaintiff that his case was subject to summary dismissal and granting him fourteen (14) days to file an amended complaint (the "Amendment Order"). (ECF No. 17). The magistrate judge's Amendment Order was mailed to Plaintiff at the address he provided to the court (ECF No. 18) and to which multiple prior orders from the court had been mailed, *see* (ECF Nos. 5; 11), but was returned as undeliverable a month and a half later (ECF No. 25). Consequently, Plaintiff never responded to the magistrate judge's Amendment Order. On January 10, 2023, the magistrate judge entered his Report and Recommendation ("Report"), recommending the case be summarily dismissed. (ECF No. 21). The Report advised Plaintiff of his right to file objections and was mailed to Plaintiff at the same address. *Id*. at 7; (ECF No. 22). Plaintiff filed objections to the Report on January 27, 2023. (ECF No. 23). With his objections,

Plaintiff filed a motion to stay the instant action. (ECF No. 24). By Order filed July 25, 2023, the undersigned denied Plaintiff's motion to stay and provided Plaintiff with fourteen (14) days to respond to the Order, indicating whether he wished to proceed with this action and, if so, submitting an amended complaint curing the deficiencies identified in the magistrate judge's Amendment Order. (ECF No. 28). The Order warned Plaintiff that if he failed to file an amended complaint, respond to the Order, or keep the court informed of his current mailing address, the court would deem Plaintiff to have abandoned his claims, and this action would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders. *Id*. The Order was mailed to Plaintiff as the same address on July 25, 2023, (ECF No. 29), as has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received it. Nevertheless, to date, Plaintiff has neither advised the court of any changes to his address, nor responded to the July 25th Order, and the time to do so has now run.

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, the court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630.

In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
> (2) the amount of prejudice to the defendant caused by the delay;

> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978) (internal quotations marks omitted). These four factors "are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order" was an important factor supporting dismissal. *See id.* at 95–96.

Here, the factors weigh in favor of dismissal. As Plaintiff is proceeding *pro se*, he is personally responsible for his failure to comply with orders of this court. Plaintiff was specifically warned on July 25, 2023, that failing to respond to the order issued by the undersigned would be deemed an abandonment of his claims and this action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 28). As noted, Plaintiff has not responded to the court's July 25th Order. The court concludes that Plaintiff's lack of response to the July 25th Order indicates an intent to abandon this action and subjects the case to dismissal. *See* Fed. R. Civ. P. 41(b). Furthermore, because Plaintiff was explicitly warned that failure to respond or comply would subject his case to dismissal, dismissal is appropriate. *See Ballard*, 882 F.2d at 95.

Accordingly, the court finds that Plaintiff's case is subject to dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b) and for failure to comply with court orders. Therefore, this case is **DISMISSED without prejudice**. The clerk of court shall provide a filed copy of this order to Plaintiff at his last known address.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 15, 2023